**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Carla Marie JENSON, Defendant and Appellant.**

**Cr. No. 747.**

Supreme Court of North Dakota.

Jan. 29, 1981.

Earle R. Myers, Jr., State's Atty., Wahpeton, for plaintiff and appellee.

Richard E. T. Smith, Wahpeton, for defendant and appellant.

PEDERSON, Justice.

Jenson entered a plea of guilty to a charge of accomplice to criminal mischief (§§ 12.1–03–01 and 12.1–21–05, NDCC), pursuant to a plea agreement described to the trial court by her counsel as follows:

"The extent of the plea, Your Honor, was that any jail time that was ordered would be suspended based on a year of good behavior and the typical conditions that the Court would set. That there would be a fine of fifty dollars and costs of fifty dollars with twenty-five dollars of each suspended for the same period of one year and that once damages were determined that restitution be made—or shared—with the other two individuals involved."

On this appeal, Jenson, relying upon the provisions of § 12.1–32–08, NDCC, argues (1) that she did not receive adequate notice as to the nature and amount of restitution that would be sought from her; (2) that the court failed to consider her ability to pay; (3) that the court failed to consider whether any valid rehabilitational purpose would be served by the restitution; (4) that the restitution should not include loss of profits; and (5) that in determining the amount of restitution, the court should not have considered evidence in the form of a statement made by a person who was not called as a witness.

In *State v. Thorstad*, 261 N.W.2d 899 (N.D.1978), we held that § 12.1–32–08, NDCC, does not apply when restitution is agreed to in a plea bargain.

The judgment and the order appealed from are affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.